JOURNAL ENTRY and OPINION
{¶ 1} Defendant Susan Taylor (appellant) appeals the court's denial of her motion to vacate her guilty plea to operating a motor vehicle while intoxicated and reasonable control. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On June 3, 2005, appellant, acting pro se, pled guilty to operating a motor vehicle while intoxicated, in violation of City of Parma Ordinance 333.01(A) and reasonable control, in violation of City of Parma Ordinance 333.025. On September 8, 2005, appellant filed a motion to vacate her guilty plea, claiming violations of Crim.R. 11(D). The court denied this motion as being untimely and without merit.
 II. {¶ 3} In her sole assignment of error, appellant argues that "the trial court improperly denied the appellant's motion to vacate plea pursuant to Criminal Rule 11(D)." Specifically, appellant argues that because she was not represented by counsel, the court had a duty to readvise her of certain rights to ensure she was knowingly, intelligently and voluntarily waiving those rights when pleading guilty.
 {¶ 4} Crim.R. 32.1 states that a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 5} In the instant case, appellant was sentenced on the same day she pled guilty, June 3, 2005. Her motion to vacate the plea was filed on September 8, 2005; therefore, she must show a "manifest injustice" before a court can set aside her conviction. However, appellant failed to file a copy of the transcript of the plea hearing as evidence of her allegations of manifest injustice.
 {¶ 6} Pursuant to App.R. 9(B), an appellant "shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *." An appellant has the burden of showing error by referring to matters in the record. See, State v. Skaggs (1978), 53 Ohio St.2d 162. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpsinki, P.J., and Kenneth A. Rocco, J., concur.